```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division
```

|                           |   |                              |
|---------------------------|---|------------------------------|
| UNITED STATES OF AMERICA, | ) |                              |
|                           | ) | Criminal Case No. 1:15-cr-317 |
| v.                        | ) | Civil Case No. 1:16-cv-757    |
|                           | ) |                              |
| VINCENTE WYNDER GARCIA,   | ) |                              |
|     Defendant.            | ) |                              |

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant Vincente Wynder Garcia's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On December 29, 2015, Defendant pleaded guilty to two counts (Count Seven and Count Eight) of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c). The underlying "crime of violence" for these counts was interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Hobbs Act robbery). These counts stemmed from Defendant's participation in the armed robbery of multiple 7-Elevens, a Papa John's Pizza, and the Asia Garden Chinese Restaurant. On April 1, 2016, this Court sentenced Defendant to a term of 84 months on Count Seven followed by a consecutive term of 300 months on Count Eight.

On June 24, 2016, Defendant moved to vacate both convictions pursuant to 28 U.S.C. § 2255, arguing that Hobbs Act robbery is not a "crime of violence" under either the force clause or residual clause of 18 U.S.C. § 924(c) post-Johnson v. United States, 135 S. Ct. 2551 (2015). Defendant argues that the residual clause in 924(c) is materially indistinguishable from the Armed Career Criminal Act residual clause that the Supreme Court struck down in Johnson. On August 8, 2016, the Government filed an Opposition to Defendant's § 2255 Motion.

Under 28 U.S.C. § 2255, a person may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The party seeking relief bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

A person is guilty of Hobbs Act robbery if he or she "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence . . . ." 18 U.S.C. § 1951(a). The

2

statute defines robbery as an unlawful taking or obtaining of personal property from the person or presence of another by actual or threatened force, violence, or fear of injury. If Hobbs Act robbery constitutes a predicate offense under § 924(c)(3)(A), the force clause, then the Court need not reach the constitutional question raised under § 924(c)(3)(B), the residual clause. For the reasons that follow, this Court joins other courts to hold that Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A).

First, the Fourth Circuit's decision in United States v. McNeal, 818 F.3d 141, 153 (4th Cir.) supports the conclusion that Hobbs Act robbery is a crime of violence and thus a predicate offense under the force clause of § 924(c)(3)(A). In McNeal, the Fourth Circuit held that bank robbery under 18 U.S.C. § 2119 is a crime of violence and thus a predicate offense under the force clause. Section 2119 uses the "intimidation" standard, but that standard is not materially different from the "fear of injury" standard used in the force clause of § 924(c)(3)(A). See, e.g., United States v. Howard, 650 F. App'x 466, 468 (9th Cir. 2016) ("Because bank robbery by "intimidation"—which is defined as instilling fear of injury— qualifies as a crime of violence, Hobbs Act robbery by means of

3

"fear of injury" also qualifies as crime of violence."); United States v. Standberry, 139 F. Supp. 3d 734, 740 (E.D. Va. 2015) ("Although the bank robbery statute, 18 U.S.C. § 2113(a), uses different phraseology to describe the crime of robbery, its import is the same.").

Second, the legislative history from § 924(c)(3)(A) supports the conclusion that Hobbs Act robbery is a predicate offense. Prior to the 1984 amendments to § 924(c), armed bank robbery was not a predicate offense under the force clause of § 924(c) as the Supreme Court held in Simpson v. United States, 435 U.S. 6, 12 (1978). In response to Simpson, Congress amended § 924(c) so that bank robbery would constitute a predicate offense. According to a Senate report, the amended "Section 924(c) provides for a mandatory, determinate sentence for a person who uses or carries a firearm during and in relation to any federal 'crime of violence,' including offenses such as bank robbery . . ." S. Rep. No. 98-225, at 3491 (1983).

Accordingly, this Court joins the many other courts to hold that Hobbs Act robbery is a crime of violence and constitutes a predicate offense under the force clause of 924(c)(3)(A). See, e.g., In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) ("Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); United States v. Hill, 832 F.3d 135, 144 (2d Cir. 2016). Thus,

4

Defendant's conviction under § 924(c) is proper because Hobbs Act robbery is a predicate crime of violence offence.

Having decided that Defendant's conviction for Hobbs Act robbery is a crime of violence under the force clause, § 924(c)(3)(A), this Court need not reach the constitutional question raised under the residual clause, § 924(c)(3)(B). Thus, the Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 23, 2017